IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BENTLEY LAND HOLDINGS, LLC | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. _____ |
| | § |
| ATLANTIC CASUALTY INSURANCE | § |
| COMPANY, | § |
| | § |
| Defendant. | § |

# ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff, Bentley Land Holdings, LLC, files this Original Complaint and would show:

## PARTIES

1. Plaintiff, Bentley Land Holdings, LLC ("Bentley"), is a limited liability company with one member, Camron Munger. Munger is a Texas citizen.

2. Defendant, Atlantic Casualty Insurance Company ("Atlantic Casualty"), is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina. It can be served with process by serving Angela B. Grady, Vice President Claims, Atlantic Casualty Insurance Company, 400 Commerce Court, Goldsboro, NC 27534.

## JURISDICTION AND VENUE

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Atlantic Casualty is a citizen of North Carolina. Bentley is a citizen of Texas. An actual controversy exists which arises from damage to Bentley's real and personal property in Potter and Randall Counties, Texas. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject property is located in this Court's judicial district.

## FACTUAL BACKGROUND

### A. The Policy

5. Bentley and Atlantic Casualty entered into an insurance contract, identified as Policy No. M226000662-0, to insure the real and personal property located at 4523 Canyon Drive, Amarillo, Texas 79110 and 8401 SE 3rd Ave., Amarillo, Texas 79118 (the "Properties").

6. The Policy provided for replacement cost coverage and provided for broad form coverage including "Windstorm or Hail."

### B. The Loss and Adjustment

7. On or about June 19, 2020, the Properties were damaged by a catastrophic hail event which caused covered damage to the Building and Personal Property. Bentley timely notified Atlantic Casualty of the loss and otherwise complied with all conditions precedent.

8. Atlantic Casualty assigned independent adjuster Rick Doshier with Cross Claims Service, Inc. to inspect the Properties. Doshier identified hail caused damage to the roof surfacing and HVAC units at both Properties. In a September 1, 2021 letter, Atlantic Casualty admitted coverage for hail damage to the HVAC components. However, without hiring a competent expert or disclosing the qualifications of Mr. Doshier to perform metallurgical or engineering analysis, Atlantic Casualty relied upon his opinion that the damage was "cosmetic" to exclude payment for hail damage to the roofing surfaces under a policy exclusion, the "Roof Surfacing Limitation Endorsement." Prior to denying coverage for the hail damage to the roof surfacing, Atlantic Casualty performed an unreasonable investigation, and its explanation of its coverage decision is

patently unreasonable in violation of the Texas Insurance Code. Atlantic Casualty issued a net payment of $3,340.52 on 4523 Canyon Drive and $5,495.62 on 8401 SE 3rd.

      9.      After denying the claim, Atlantic Casualty for the first time retained an engineer. The engineer works for a company, Vertex, that routinely performs superficial claims evaluations for insurance companies to use in support of coverage denials. Eliah Kim with Vertex issued a report dated February 22, 2022, in which he expressed his conclusions regarding the Properties. Kim states, "the 4523 Building did not sustain fractures in the PVC membrane…" and the hail caused dents on the 8401 Building "did not cause stripping of paint, fractures, or punctures on the metal roof panels." Importantly, these conclusions do not meet Defendant's burden of proof to show the applicability of the Roof Surfacing Limitation Endorsement. That is because the plain language of the endorsement states:

> We will not pay for cosmetic damage to roof surfacing caused by wind and/ or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/ or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

Federal courts in the Northern District of Texas have excluded expert reports which attempt to rely upon a definition of damage that is different than the exact language of the exclusion in the Policy. *Collins v. Safeco Ins. Co. of Indiana*, No. 3:18-CV-01788-X, 2020 WL 95488, at *7 (N.D. Tex. 2020). These courts have also held that it is improper for an insurer to broaden the applicability of a cosmetic damage exclusion by narrowing what constitutes "functional" damage by using an extracontractual definition. *Id*; *See also Dragoo v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-CV-984-O, 2018 WL 1536639, at *3 (N.D. Tex. Jan. 5, 2018) (refusing to adopt the insurer's argument that the exclusion was limited to the roof's inability to shed water). Because Kim did not define the nature of the hail damage in the terms expressed by the Policy exclusion, his report

serves as no evidence in support of Atlantic Casualty's burden to show the applicability of the exclusion. Reliance upon Kim's report was, therefore, another example of Atlantic Casualty's unreasonable investigation.

10. On March 17, 2022, Atlantic Casualty agreed to participate in the contractual appraisal process to determine the amount of loss. Plaintiff was required to invoke appraisal because Atlantic Casualty relied upon incorrect statements from Kim that, "hail impacts has not occurred on the roof surface of the 4523 Building, or if they had occurred, to a limited or minimal extent only." The appraisers, Rickey Conradt and Matt Bonnie, both agreed to appoint Bobby Meyers as the umpire.

11. On or about June 10, 2022, two members of the appraisal panel, Rickey Conradt and Bobby Meyers, each signed an appraisal award for the Properties. The appraisal award for the 4523 Property found "wind/hail" damage from a "6/19/2020" date of loss in the amount of $499,604.19. The appraisal award for the 8401 Property found "wind/hail" damage from a "6/19/2020" date of loss in the amount of $349,839.41.

12. On September 22, 2022, counsel for Atlantic Casualty sent a letter refusing to pay the appraisal awards, citing the Vertex report for the incorrect proposition that Kim had identified that the hail damage fell within the "cosmetic" exclusion under the Policy.

13. On October 17, 2022, counsel for Bentley served Atlantic Casualty with a Texas Insurance Code 542A compliant demand letter for payment of the amounts identified in the appraisal award. Atlantic Casualty responded by requesting an opportunity to send out a second engineer to perform an inspection.

14. On January 30, 2022, counsel for Atlantic Casualty sent a letter revealing that Atlantic Casualty had received the report from its inspection, performed by Ezequiel Juarez Ocanas. Ocanas also works for a company, Rimkus, that routinely provides superficial bases for

insurance companies to incorrectly deny claims. Without providing a copy of Ocanas's report, Atlantic Casualty included excerpts from the report in its letter that directly conflict with the findings of the appraisal panel. For example, Atlantic Casualty cites Ocanas's statement, "fractures were observed on what he categorized as section 3 of the roof, and that there was no physical evidence of damage to the PVC membrane on roof sections 1 and 2." Thus, Atlantic Casualty seeks to disregard and re-litigate the findings of the appraisal panel as to the amount of loss, in contravention of the Policy and Texas law, which both require that the appraisal award is binding on both the insured and insurer.

15.     Atlantic Casualty has only issued payment for its "allocated amount" based upon Ocanas's findings, which are contradicted by both the binding appraisal award and Kim's findings. Without resolving any of the obvious conflicts, which independently requires a finding of a knowingly unreasonable investigation, Atlantic Casualty sent another letter, dated March 29, 2023, in which it refused to issue additional payment. The letter incorrectly asserts "it is the insured's burden to allocate [the damages]." However, Plaintiff has already allocated the damages by presenting a valid copy of the appraisal award. Defendant has admitted the occurrence of a covered loss by issuing partial payment. Allocation does not mean re-litigation of issues properly resolved by the appraisal panel pursuant to the terms of the Policy, including the amount of loss caused by hail.

16.     Atlantic Casualty has consistently refused to make meaningful attempts to investigate and resolve Bentley's insurance claim and has actively mischaracterized and manipulated evidence to misrepresent coverage, the value of the damage, and the cause of the damage, in violation of the Texas Insurance Code by, knowingly:

    a. Failing to comply with internal policies for investigating claims;

    b. Failing to train adjusters and employees in the proper methods of investigating

and resolving claims disputes;

c. Performing a superficial, biased, and conclusory investigation of the damage in the claim;

d. Failing to adopt policies and procedures necessary to adequately investigate and resolve claims disputes;

e. Failing to resolve conflicts amongst experts relied upon prior to denying coverage;

f. Failing to competently apply the facts of the claim to Policy coverage for purposes of making a correct coverage decision;

g. Failing to adopt policies and procedures necessary to adequately evaluate the qualifications of individuals upon whom the insurer would rely for purposes of investigating and resolving claims disputes;

h. Failing to adopt policies and procedures necessary to adequately evaluate the veracity of opinions of third-parties;

i. Attempting to settle the claim without performing a full and adequate investigation of the loss, including reliance upon knowingly incompetent, biased, and conflicted adjusters, and the failure to retain competent engineers, roofing contractors, remediation contractors, and other experts upon whom to rely for purposes of their investigation;

j. Refusing to acknowledge oral and written reports provided by the insured and its agents identifying the cause and scope of damage;

k. Wrongfully denying the claim under the applicable policy based upon an incorrect determination of material facts;

    l. Colluding with its adjusters and agents to misstate the cause, scope, and value of the damage;

    m. Unreasonably delaying settlement offers despite the insurer's liability becoming reasonably clear;

    n. Making untrue statements of material fact about the cause, scope, and value of the damages and how the damage applied to the Policy, including that the damage was not caused by a covered cause, that the damage was excluded, that Plaintiff was obligated to allocate amounts awarded by the appraisal panel, and that Defendant had completed a competent investigation;

    o. Failing within a reasonable time to affirm or deny coverage of a claim;

    p. Failing to timely request all items, statements, and forms necessary to resolve the claim;

    q. Failing within a reasonable time to request inspections, proofs of loss, or any other items the insurer believed necessary to evaluate the claim;

    r. Failing to adopt and implement reasonable standards for the prompt investigation of claims under the policy;

    s. Compelling Plaintiff to institute a lawsuit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered; and

    t. Failing to timely pay claims.

17. Bentley provided to Atlantic Casualty all information necessary to pay the claim. All prerequisites under the Policy have been met.

18. Atlantic Casualty continues to refuse to pay the amounts owed under the Policy in breach of the insurance contract and its common law and statutory obligations.

## CAUSES OF ACTION

19. **Breach of Contract.** Bentley incorporates the allegations of paragraphs 5-18 the same as if fully set forth herein. Bentley and Atlantic Casualty entered into an insurance contract to insure real and personal property against casualty loss. Bentley complied with all provisions of the insurance policy, including but not limited to payment of the premiums and timely notice of the loss. Atlantic Casualty breached a material provision of the contract by refusing to pay replacement cost damages and other damages owed under the Policy, after a Covered Cause of Loss. Bentley was damaged by Atlantic Casualty's breach.

20. **Violations of the Texas Insurance Code.** Bentley incorporates the allegations of paragraphs 5-18 the same as if fully set forth herein. Defendant violated Texas Insurance Code Section 541.060(a). Specifically, Atlantic Casualty knowingly:

   a. Made material misrepresentations regarding how the Policy applied to the causation facts of the damage observed and about the scope and extent of the investigation relied upon by Atlantic Casualty for its claims decision;

   b. Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   c. Failed to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

   d. Failed within the deadlines required under Texas Insurance Code chapter 542 to affirm coverage of the claim, request all items, statements, and forms, and pay the claim; and

   e. Refused to pay the claim without conducting a reasonable investigation with respect to the claim.

21. Atlantic Casualty's Unfair Settlement Practices caused direct damages, including the loss of Policy benefits and independent injuries in the form of damages in excess of Policy damages, to Plaintiff which would not have been incurred absent Defendant's knowing actions, omissions, delays and misrepresentations. The independent injuries are reflected by the increased costs of construction caused by price increases in roofing labor and materials occurring since the date of loss. Plaintiff is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code section 541.152.

22. **Section 541.060(a)(1) of the Texas Insurance Code.** Atlantic Casualty's assertions in its March 29, 2023 coverage denial letter that Bentley had the obligation to allocate damages awarded by the appraisal panel for hail, after the panel already considered causation, and that Atlantic Casualty was not obligated to pay the amount of loss identified in the appraisal award because its engineer disagreed with the awarded amounts, are material misstatements as to Texas law and coverage under the Policy. Atlantic Casualty misrepresented material facts related to coverage to deny Bentley's claim and avoid liability for the damage. *See Albracht v. Indem. Ins. Co. of N. Am.*, No. 2:19-CV-72-Z-BR, 2019 WL 7040333, at *3 (N.D. Tex. Nov. 20, 2019) (Reno, M.J.), *supplemented*, No. 2:19-CV-72-Z-BR, 2019 WL 7040299 (N.D. Tex. Dec. 2, 2019), *report and recommendation adopted*, No. 2:19-CV-72-Z-BR, 2019 WL 7039749 (N.D. Tex. Dec. 20, 2019) ("Albracht has also sufficiently pleaded the 'how' or 'why.' Hamilton's investigation, characterization of material facts relating to coverage, and conclusions resulted in denial of Albracht's claim, which meant IIC was not required to pay anything on Albracht's claim.").

23. Atlantic Casualty's conduct violates section 541.060(a)(1) of the Texas Insurance Code. *See DFWS, LLC v. Atl. Cas. Ins. Co.*, No. 3:20-CV-2499-G, 2020 WL 6946515, at *3 (N.D. Tex. Nov. 24, 2020) (concluding misrepresentations about the facts giving rise to a claim for coverage can constitute a violation of section 541.060(a)(1)); *Caruth v. Chubb Lloyd's Ins. Co.*

*of Tex.*, No. 3:17-CV-2748-G, 2018 WL 3934030, at *3 (N.D. Tex. Aug. 16, 2018) (same); *Glidewell v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *4–5 (N.D. Tex. Aug. 13, 2015) (same); *see also Albracht*, No. 2:19-CV-72-Z-BR, 2019 WL 7040333, at *3 (analyzing plaintiff's 541.060 claim that defendant "mischaracterized the nature and coverage of the loss" by stating "covered property was not damaged by wind, and thus was not damaged by a covered cause of loss").

24. **Section 541.060(a)(3) of the Texas Insurance Code.** Without providing a complete copy of Ocanas's report, Atlantic Casualty relied upon his opinions to split the appraisal award into covered and non-covered damages in an effort to re-litigate the amount of loss. Atlantic Casualty's denial letter does not provide a reasonable explanation of the basis in the Policy for denying Bentley's claim because it does not provide support for the conclusion that the appraisal panel erred in determining the amount of loss caused by hail. Atlantic Casualty's conduct violates section 541.060(a)(3). *See Khan v. Allstate Fire & Cas. Ins. Co.*, No. CIV.A. H-11-2693, 2012 WL 1601302, at *8 (S.D. Tex. May 7, 2012) ("No false or misleading statements are necessary to make out a successful claim for relief [under section 541.060(a)(3)]; rather, the section creates liability for any inadequate explanation of an insurance claim denial, regardless of its truth or falsity.").

25. **Sections 541.060(a)(2)(A) and 541.060(a)(7) of the Texas Insurance Code.** Atlantic Casualty did not attempt to effectuate a prompt, fair, and equitable settlement, despite its reasonably clear liability, and refused to pay the claim without conducting a reasonable investigation. The appraisal panel determined the amount of loss. Despite Atlantic Casualty's burden of proof with regard to presenting valid evidence of the applicability of any exclusion under the Policy under Texas Insurance Code section 554.002, Atlantic Casualty presented no objective evidence that the appraisal award identified any damage from any cause of loss other than hail. Instead, Atlantic Casualty seeks to re-litigate the amount of loss in the guise of a

"causation question" based solely upon contradictory findings from one of its engineers. Atlantic Casualty's obligation to pay the appraisal award is absolute, and its failures to resolve the conflicts amongst its engineers and between its engineers and the appraisal award constitutes an unreasonable investigation.

26. Further, Atlantic Casualty committed unfair settlement practices in violation of Texas Insurance Code chapter 542, running from, at the latest, the date of the appraisal award on July 27, 2022, by:

   a. Failing to, within 15 days (or 30 days for a surplus-lines insurer) of the date of notice of the loss, request from Plaintiff all items, statements, and forms that the insurer reasonably believes would be required (542.055);

   b. Failing to affirm or deny coverage within 15 business days of receiving the information timely requested and identified in 542.055 (542.056);

   c. Failing to pay amounts due within 5 business days (or 20 business days for a surplus-lines insurer) of receipt of the information necessary to pay the claim (542.057); and

   d. Failing to pay the claim in whole within 75 days (90 days for a surplus-lines insurer) after notice of the claim (542.058).

27. Under Texas Insurance Code 542.060, Bentley is entitled to a 10% per annum penalty on the entirety of the amounts due under the Policy, starting at the earliest violation of chapter 542 and running until the date that the amount of loss is paid, as well as its attorney's fees and court costs.

## CONDITIONS PRECEDENT

28. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## ATTORNEY'S FEES

29. **Attorney's Fees.** As a result of Atlantic Casualty's failure to pay the amounts

due and owing under the policy, Bentley retained the undersigned counsel. Bentley agreed to pay the undersigned counsel a reasonable fee. Bentley is entitled to recover reasonable and necessary attorney's fees incurred in the prosecution of this action under Texas Civil Practice & Remedies Code chapter 38 and Texas Insurance Code sections 541.152 and 542.060.

## JURY DEMAND

30. **Jury Demand.** Bentley demands a jury.

## PRAYER

31. Bentley prays that Atlantic Casualty be cited to appear and answer herein and upon hearing that Bentley recover judgment against Atlantic Casualty for the following:

   a. Actual damages;

   b. Attorney's fees for services rendered and that are allowed by law;

   c. Post-judgment interest and costs;

   d. Treble damages and exemplary damages as allowed by law;

   e. Penalties and interest as allowed by law; and

   f. All other relief to which Plaintiff may show itself entitled in law or in equity.

Respectfully Submitted,

*/s/ Benjamin D. Doyle*
BENJAMIN D. DOYLE
State Bar No.: 24080865
**STOCKARD, JOHNSTON, BROWN, NETARDUS, & DOYLE, P.C.**
P.O. Box 3280
Amarillo, Texas 79116-3280
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com

**ATTORNEYS FOR PLAINTIFF**